UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN WALKER, #959129,

    Petitioner,

v.

    CASE NO. 2:18-CV-11141
    HONORABLE DENISE PAGE HOOD

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Dorian Walker was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to consecutive terms of life imprisonment without parole and two years imprisonment in 2013. In his *pro se* petition, Petitioner raises 11 claims concerning the effectiveness of trial and appellate counsel and the need for an evidentiary hearing.

Promptly after the filing of a habeas petition, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES. After undertaking such preliminary review, the Court concludes that Petitioner has not exhausted state court remedies as to most of his claims and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) his due process rights

2

were violated by the admission of a witness's identification due to unduly suggestive identification procedures, and (2) trial counsel was ineffective for failing to suppress that witness's identification, failing to retain an expert to refute cell phone tower evidence, and failing to call the mother of his child as a witness. The Michigan Court of Appeals denied relief on those claims and affirmed his convictions. *People v. Walker*, No. 327733, 2016 WL 6127815 (Mich. Ct. App. Oct. 18, 2016) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Walker*, 500 Mich. 962, 892 N.W.2d 360 (April 4, 2017).

Petitioner submitted the instant habeas petition to prison officials for mailing on April 3, 2018. He raises the following claims: (1) he was denied his right to the effective assistance of counsel where counsel deprived him of asserting his claim of actual innocence through an alibi defense; (2) a witness's identification was improper due to unduly suggestive identification procedures (and appellate counsel failed to properly raise the claim due to the withholding of the police file); (3) appellate counsel raised the issue of ineffective assistance of counsel, but prematurely raised the identification claim as the state impeded his ability to raise an actual innocence claim based upon misidentification; (4)

he was denied his right to the effective assistance of trial counsel where the state impeded counsel's ability to raise actual innocence based upon misidentification by withholding the police file, impeachment evidence, and police reports; (5) he was denied his right to the effective assistance of trial counsel where the state impeded counsel's ability to raise actual innocence based upon misidentification and by not hiring an expert witness; (6) he was denied the effective assistance of trial counsel where the state impeded counsel's ability to object and move to exclude cell tower evidence; (7) he was denied the right to the effective assistance of trial counsel where the state impeded counsel's ability to challenge identification testimony; (8) he was denied the right to the effective assistance of trial counsel where the state impeded counsel's ability to file a motion to quash and the evidence was insufficient to justify the bind-over; (9) he was denied the right to the effective assistance of trial counsel where the state impeded counsel's ability resulting in multiple errors and omissions; (10) he was denied the right to the effective assistance of appellate counsel where the state impeded counsel's ability to raise actual innocence based on misidentification by withholding the police file, impeachment evidence, and police reports; and (11) he is entitled to an evidentiary hearing due to the withholding of the police file.

## III.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all available state court remedies.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts, including both the Michigan Court of Appeals and the Michigan Supreme Court, to satisfy the exhaustion requirement.  *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. He admits that he has not presented most of his habeas claims (all those not previously raised on direct appeal before the Michigan Court of Appeals) to the state courts before instituting this federal habeas action. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas

petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner admits that he has not exhausted most of his habeas claims. He has available remedies in the Michigan courts by which to do so – before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 3, 2017. The one-year period then ran until April 3, 2018 when Petitioner gave his federal petition to prison officials for mailing. Accordingly, only nine months of the one-year period had expired at the time he instituted this action. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the

limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of his claims in the state courts and then return to federal court should he wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to show good cause for failing to properly exhaust his claims in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. Similarly, while Petitioner asserts that the State is withholding the police file and other materials, he fails to show that such action precludes him from filing a motion for relief from judgment in the state court raising that very issue and his other claims – just as he is seeking to do in this action. Lastly, the Court notes that the lack of a legal education and ignorance of the law do not constitute good

cause for the failure to exhaust state remedies. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner's unexhausted claims concern matters of federal law and some of those claims may not be plainly meritless. The claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not properly exhausted state court remedies as to most of his habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims (those that were presented to the Michigan Court of Appeals on direct appeal), he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of the claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate

of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

    **IT IS SO ORDERED***.*

                            s/Denise Page Hood
                            Denise Page Hood
                            Chief Judge, United States District Court

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2018, by electronic and/or ordinary mail.

                            s/LaShawn R. Saulsberry
                            Case Manager