UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN WALKER, #959129,

    Petitioner,

v.

CASE NO. 2:18-CV-11141
HONORABLE DENISE PAGE HOOD

THOMAS WINN,

    Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION FOR STAY & ABEYANCE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Dorian Walker ("Petitioner") was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to consecutive terms of life imprisonment without parole and two years imprisonment in 2013. In his initial pro se petition, Petitioner raised 11 claims concerning the effectiveness of trial and appellate counsel and the need for an evidentiary hearing. On April 30, 2018, the Court summarily dismissed without prejudice that petition for failure to fully exhaust state court remedies as to most of his 11 habeas claims (all that were not previously raised on direct appeal). The Court's order provided that Petitioner could move to re-open this case and proceed only on his fully exhausted claims within 30 days. Petitioner

responded to the Court's order and asked to reopen the case to proceed on an amended habeas petition containing only his two properly exhausted claims concerning a witness's identification and the effectiveness of trial counsel. On October 12, 2018, the Court granted that motion and reopened the case for further consideration of the amended petition. Respondent then filed an answer to the amended petition and the state court record on February 7, 2019. Petitioner did not file a reply.

This matter is now before the Court on Petitioner's most recent motion, dated June 17, 2019, in which he asks the Court to stay the proceedings and hold his amended habeas petition in abeyance so that he can return to the state courts to exhaust his remedies as to the additional unexhausted claims contained in his original habeas petition. Petitioner asserts that he mistakenly believed that he would be able to "bring back" those unexhausted claims.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when

the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner fails to show the need for a stay. His current claims, as set forth in his amended petition, are exhausted. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of his direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v.*

3

*Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 3, 2017. The one-year period then ran until April 3, 2018 when Petitioner gave his initial federal petition to prison officials for mailing. Accordingly, only nine months of the one-year period had expired when he instituted this action. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of his claims in the state courts and then return to federal court should he wish to do so. A stay is unnecessary.

Additionally, Petitioner fails to show good cause for failing to properly exhaust his claims in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of

his issues on state collateral review before proceeding in federal court. Similarly, while Petitioner contends that the State is withholding the police file and other materials, he fails to show that such action precludes him from filing a motion for relief from judgment in the state court raising that very issue and his other claims – just as he seeks to do here.

While Petitioner asserts that he was mistaken about his ability to "bring back" his unexhausted claims when he asked to reopen this case and proceed on an amended petition containing only his exhausted claims, the Court's prior orders were very clear that he would only be proceeding on his two exhausted claims. He offers no explanation for the several months of delay that transpired between the reopening of this case, the filing of Respondent's answer, and the filing of the instant motion. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Given such circumstances, a stay and abeyance is unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion to stay and abeyance pending writ of habeas corpus (ECF No. 22). Should Petitioner wish to have the Court dismiss his amended habeas petition, which contains only his exhausted claims, so that he may pursue additional, unexhausted claims in the state courts, he may move

for a non-prejudicial dismissal of his amended habeas petition within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending amended habeas petition.

    **IT IS SO ORDERED**.

                                    s/Denise Page Hood
                                    DENISE PAGE HOOD
                                    UNITED STATES DISTRICT JUDGE

Dated: August 14, 2019